**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SALVADOR POZOS RAMIREZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:25-cv-3316-MDH** |
| | ) | |
| **JIM C. ARNOTT,** *et. al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ON EAJA FEES

Before the Court is Petitioner's Motion for Attorney Fees Under EAJA. (Doc. 12). The matter is now ripe for review.

## BACKGROUND

On November 19, 2025, the Court granted Petitioner's Petition for Writ of Habeas Corpus based on his statutory arguments regarding the Immigration Nationality Act and his detention pursuant to 8 U.S.C. §1226(a). The Court found that the Government's novel interpretation of §1225 was not substantially justified and Petitioner may pursue an award of fees under the EAJA.

## STANDARD

A party seeking attorney's fees and expenses under EAJA must, within 30 days of the entry of a final judgment, file a fee application with the Court that: (1) demonstrates the applicant is the "prevailing party" and eligible to receive an award; (2) shows the amount sought, including an itemized statement of the actual time expended and the rate at which fees and other expenses were computed; and (3) alleges the "position of the United States" was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

<u>Eligibility</u>

To receive an attorney fee under EAJA, an individual cannot have a net worth in excess of $2,000,000 at the time the civil action was filed. § 2412(d)(2)(B)(i). Petitioner states that he meets the eligibility requirement, which the Government does not dispute. Accordingly, Petitioner satisfies this requirement because he does not have a net worth above the statutory limit.

<u>Prevailing Party</u>

This Court granted Petitioner's habeas petitioner. The parties do not dispute that Petitioner was the "prevailing party" in this habeas action and that Petitioner submitted a statement of attorney's fees incurred. Thus, Petitioner was the prevailing party in this habeas action.

<u>Substantially Justified</u>

First, the Court notes that as a prevailing party, Petitioner is entitled to costs, without showing the Government was not substantially justified. *See Garcia v. Barr*, 971 F.3d 794, 796 (8th Cir. 2020)("unlike for attorney's fees, there is no 'substantially justified' requirement for costs under the EAJA.").

To avoid liability under EAJA for attorney's fees, the government bears the burden of showing that its position, including its pre-litigation conduct, was substantially justified. *Bah v. Cangemi*, 548 F.3d 680, 684 (8th Cir. 2008); 28 U.S.C. § 2412 (d)(2)(D) (defining "position of the United States" to include its pre-litigation conduct). "Substantially justified" means "justified in the substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550 (1988) (cleaned up). The government's position must have "a reasonable basis both in law and fact." *Id*.

The Court acknowledges the Eighth Circuit's decision in *Avila v. Bondi*, 2026 WL 819258 (8th Cir. March 25, 2026). While the statutory grounds upon which Petitioner's motion was granted has, for the past twenty-nine years and five presidential administrations, been interpreted to mean that he was entitled to a bond hearing during his removal proceedings, the new presidential administration has adopted a novel interpretation of that statutory scheme.

To this Court's surprise, a divided panel of the 8th Circuit recently agreed with this administration's interpretation, in a decision still subject to appeal. Other Circuit Courts have rejected the novel interpretation consistent with this Court and hundreds of other district courts across the country. At this time, however, this Court is bound by the panel's interpretation of the statutory scheme which effectively prevents this Court from finding that Respondents' position was not substantially justified. Thus, the fee motion must be denied.

## CONCLUSION

While Petitioner was a prevailing party, the Government's position has subsequently been justified by the 8th Circuit. Therefore, the Court finds that Petitioner's motion is hereby **DENIED**.

**IT IS SO ORDERED** that Petitioner's Motion for EAJA Fees is hereby DENIED.

**IT IS FURTHER ORDERED** that Petitioner is entitled to costs as the prevailing party in the underlying habeas writ.

**IT IS SO ORDERED**.

DATED: July 22, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**